JUDGE SAND   11 CIV 8552

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM DUNNEGAN,

        Plaintiff,

  -against-

JOHN DOE,

        Defendant.

---

Index No. 11 CIV- (   )(   )

COMPLAINT

Plaintiff, by his attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., for his complaint, avers:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between the parties to this claim and because the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff is a citizen of the State of New Jersey. Upon information and belief, defendant John Doe, whose true identity is unknown to plaintiff at this time, is a citizen of the State of New York.

2. Upon information and belief, defendant is subject to the personal jurisdiction of this Court pursuant to C.P.L.R. § 301, because defendant resides or conducts business in the state.

3. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## A CLAIM FOR RELIEF
(Defamation)

4. Defendant published, or caused to be published, a false and defamatory statement concerning plaintiff that appeared on the website of Martindale-Hubbell® from on or about October 10, 2011 to, with one brief interruption, November 8, 2011. The statement was purported to be made by an "executive" of an "educational" company in "New York," with "$51,000,000 to $100,000,000" in annual revenue.

5. This statement was false and defamatory in that it falsely disparaged plaintiff's professional character and reputation.

6. Defendant knew his statement was false and defamatory at the time he made it.

7. Defendant published this statement, or caused it to be published with intent, malice, or reckless disregard of the truth.

8. As a direct and proximate result of defendant's defamation, plaintiff has suffered damages in an amount in excess of $75,000, exclusive of interest and costs, to be determined by the trier of fact at trial.

9. Defendant's conduct was intentional, willful, wanton, and malicious. Plaintiff is therefore entitled to an award of punitive damages in an amount to be determined by the trier of fact at trial.

WHEREFORE, plaintiff demands judgment:

A. Awarding plaintiff compensatory and punitive damages in an amount in excess of $75,000, exclusive of interest and costs, to be determined by a trier of fact at trial; and

B. Granting such other and further relief as to this Court seems just and proper.

DATED: New York, New York
November 23, 2011

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
A Professional Corporation
Attorneys for Plaintiff, William Dunnegan

By: _____
David M. Kohane
dkohane@coleschotz.com
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000