UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-6-11
```

WILLIAM DUNNEGAN,

          Plaintiff,

-against-

                                      11 CIV. 8552 (LBS)

JOHN DOE,

          Defendant.

ORDER AUTHORIZING THE ISSUANCE OF
A SUBPOENA ON LEXIS NEXIS, A DIVISION
OF REED ELSEVIER INC., TO DETERMINE
THE IDENTITY OF DEFENDANT

Upon the ex parte application of plaintiff for an order pursuant to Rule 26(d) of the Federal Rules of Civil Procedure allowing service of a subpoena on LEXIS NEXIS, a Division of Reed Elsevier, Inc., to ascertain the identity of defendant John Doe, and good cause for that relief appearing, it is hereby

ORDERED, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, that plaintiff may serve the annexed subpoena on LEXIS NEXIS, a Division of Reed Elsevier, Inc.

DATED: New York, New York

          Dec. 5, 2011

                                              Leonard B. Sand, U.S.D.J.

49658/0001-8098275v1

≈AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |

WILLIAM DUNNEGAN
V.

JOHN DOE

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 11 Civ. 8552 (LBS)

TO: LEXIS NEXIS, a Division of Reed Elsevier, Inc.
125 Park Avenue
New York, NY 10017

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| David Kohane, Cole, Schotz, Meisel, Forman & Leonard, P.A. 900 Third Avenue, New York, New York 10022 | 12/9/2011 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 11/30/2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David Kohane, Cole, Schotz, Meisel, Forman & Leonard, P.A. 900 Third Avenue, New York, New York 10022, 212-752-8000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A

1. Each document that refers or relates to the identity of the person who posted a statement concerning William Dunnegan on the www.martindale.com website or about October 10, 2011, and/or on or about November 4, 2011.

2. Each documents that constitutes a communication between LEXIS NEXIS, a Division of Reed Elsevier, Inc., and the person who posted a statement concerning William Dunnegan on or about October 10, 2011, and/or on or about November 4, 2011, including but not limited to any communication between Anthony Ross and that person on or about November 8, 2011.

3. Documents sufficient to show the e-mail address used by the person who posted a review of William Dunnegan on or about October 10, 2011, and/or on or about November 4, 2011.

4. Documents sufficient to show each IP address used by the person who posted a statement concerning William Dunnegan on or about October 10, 2011, and/or on or about November 4, 2011.

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-6-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

WILLIAM DUNNEGAN,

        Plaintiff,

-against-

JOHN DOE,

        Defendant.

----

11 CIV. 8552 (LBS)

### PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A SUBPOENA ON LEXIS NEXIS, A DIVISION OF REED ELSEVIER INC., TO DETERMINE THE IDENTITY OF DEFENDANT

Plaintiff hereby moves pursuant to Rule 26(d) of the Federal Rules of Civil Procedure for an order authorizing plaintiff to serve a subpoena on LEXIS NEXIS, a Division of Reed Elsevier Inc., to determine the identity of defendant John Doe, which is presently unknown to plaintiff.

The basis for this application is set forth in the accompanying declaration of William Dunnegan, sworn to November 29, 2011.

The subpoena is narrowly tailored to target only documents concerning the identity of defendant.

A proposed order is annexed as Exhibit A, which annexes the proposed subpoena.

DATED: New York, New York  
November 30, 2011

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.  
A Professional Corporation  
Attorneys for Plaintiff, William Dunnegan

By: _____  
David M. Kohane  
dkohane@coleschotz.com  
900 Third Avenue, 16th floor  
New York, NY 10022-4728  
(212) 752-8000

49658/0001-8091736v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

WILLIAM DUNNEGAN,

        Plaintiff,

  -against-                             11 CIV. 8552 (LBS)

JOHN DOE,

        Defendant.

-----------------------------------------------------------

DECLARATION OF PLAINTIFF IN SUPPORT
OF HIS EX PARTE APPLICATION FOR AN ORDER
AUTHORIZING THE ISSUANCE OF A SUBPOENA ON
LEXIS NEXIS, A DIVISION OF REED ELSEVIER, INC.,
TO DETERMINE THE IDENTITY OF DEFENDANT

WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I am a member of the bar of this Court, and the plaintiff in this action.

2. I am making this declaration in support of my application for an order, pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, authorizing me to serve a subpoena on LEXIS NEXIS, a Division of Reed Elsevier, Inc. ("LEXIS NEXIS"), to disclose the identity of the defendant in this case. As explained below, I cannot identify the defendant and will be without a remedy for the defendant's defamation absent the issuance of this subpoena.

3. LEXIS NEXIS publishes the Martindale-Hubbell® law directory. It provides online services at www.martindale.com. This website allows "clients" to post reviews of listed attorneys.

4. From on or about October 10, 2011, to November 8, 2011, with one brief interruption, defendant published, or caused to be published, a false and defamatory statement concerning me that appeared on the website of Martindale-Hubbell®. The statement was

49658/0001-8091765v1

purported to be made by an "executive" of an "educational" company in "New York," with "$51,000,000 to $100,000,000" in annual revenue. I have, intentionally, not quoted the full text of the false and defamatory statement because I do not want to increase the damages that the statement has caused. My counsel, however, will transmit a copy of the pages that contained the defamatory statement with the courtesy copy of this motion.

5. To post such a statement concerning an attorney, a person must provide to LEXIS NEXIS personal information, including his or her name and e-mail address. I believe, but do not know for sure, that LEXIS NEXIS also collects the IP addresses of those persons making statements.

6. I cannot, without a subpoena on LEXIS NEXIS, determine the identity of the person who used the website of LEXIS NEXIS to defame me.

7. Such a subpoena would place no significant burden on LEXIS NEXIS. Prior to filing this action, I have communicated with Henry Z. Horbaczewski, Senior Vice President and General Counsel of LEXIS NEXIS, concerning this matter. He confirmed to me by e-mail on November 15, 2011, that an employee of Reed Elsevier did not originate the posting. While he indicated that rules concerning confidentiality prevented him from making a further disclosure, the fact that he can confirm that it was not a Reed Elsevier employee suggests that LEXIS NEXIS knows who made the statement.

8. A portion of my practice involves enforcing copyrights against anonymous infringers operating through the Internet. In those cases, courts have had little reluctance to require non-parties that know the identity of an infringer to disclose that information to a plaintiff. Pearson Education, Inc., et al. v. John Doe d/b/a BuyTestBanks, et al., 11 Civ. 4684 (WHP); Pearson Education, Inc., et al. v. John Doe d/b/a VinceHill54, et al., 11 Civ. 3547 (LLS); Pearson Education, Inc. v. John Doe d/b/a Fred Blanc, 09 Civ. 7487 (RMB); John Wiley

2

& Sons, Inc. v. "Comethere," 08 Civ. 9941 (RMB); John Wiley & Sons, Inc., et al. v. John Doe d/b/a "Zenda Digital" d/b/a "Infobuys," 09 Civ. 7111 (LMM); John Wiley & Sons, Inc., et al. v. Alin Trceakarabenjakul, 09 Civ. 2108 (CM); Pearson Education, Inc., et al. v. John Doe d/b/a "LPE Bookstore," 07 Civ. 8028 (CM); Pearson Education, Inc., et al. v. Sharp Books, et al., 08 Civ. 6803 (DLC); Pearson Education, Inc., et al. v. Manohar Marimuthu, et al., 07 Civ. 6914 (GEL). Only Judge Berman has denied similar applications in the actions entitled Pearson Education Inc. v. Express0704, 08 Civ. 6220 (RMB), and Pearson Education Inc. v. "Profbook1," 08 Civ. 8885 (RMB) (Judge Berman later granted an amended motion to serve the subpoena in the latter case on December 12, 2008.)

9.  Under Rule 26(d) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." However, without the identity of John Doe, this conference is not possible.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of November 2011, in New York, New York.

By: *William Dunnegan*
William Dunnegan